# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| PEGGY SWEENEY,<br> Plaintiff,<br><br>v.<br><br>AETNA U.S. HEALTHCARE,<br> Defendant. | §<br>§<br>§<br>§  Case No. 4:04-cv-449<br>§<br>§<br>§ |

## ORDER ON REMAND

This matter is before the court on remand from the United States Court of Appeals for the Fifth Circuit. Peggy Sweeney ("Plaintiff") filed this lawsuit asserting a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C § 1132(a)(1)(B), whereby she asked the court to overturn a decision by Aetna U.S. Healthcare ("Defendant") denying her claim for long-term disability ("LTD") benefits. On December 17, 2007, the court signed a memorandum opinion and order denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. Accordingly, the court entered a final judgment ordering that Plaintiff take nothing from Defendant. Plaintiff appealed the court's decision to the Fifth Circuit.

Among the considerations in the court's memorandum opinion and order was Defendant's conflict of interest as both the administrator and payor under the LTD insurance plan at issue. On the day before briefing before the Fifth Circuit was to be completed, the Supreme Court issued an opinion addressing the role of such a conflict in analyzing a conflicted payor's denial of LTD benefits. *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2008 U.S. LEXIS 5030, 2008 WL 2444796 (2008). The Fifth Circuit remanded the matter to this court for reconsideration in light of *Glenn*. Upon reconsideration, the court finds that *Glenn* does not mandate a different result from that reached in its order of December 17, 2007.

## I. THE COURT'S ORIGINAL DISPOSITION

Plaintiff filed this lawsuit asking the court to set aside Defendant's decision denying her LTD benefits under the insurance plan administered by Defendant. Plaintiff was employed by Candle Corporation, which provided medical insurance, including LTD coverage, through Defendant. Plaintiff was diagnosed with fibromyalgia, a rheumatic disorder, forcing her to quit her job at Candle Corporation. After being diagnosed with fibromyalgia, Plaintiff submitted a claim for LTD benefits on the basis of her fibromyalgia diagnosis, claiming to be "totally disabled" as that term is defined in the insurance plan. Defendant reviewed her claim and denied it. After Plaintiff filed this lawsuit, the court remanded the matter to Defendant for reconsideration by a different doctor in light of new literature introduced by Plaintiff. The claim was again processed and again denied. Plaintiff reurged her cause of action before this court, and as stated above, the court entered a final judgment in favor of Defendant. Plaintiff appealed, and the matter is back before this court for the limited purpose of reconsideration in light of *Glenn*.

In its order of December 17, 2007, the court examined a number of factors in reaching its conclusion. First, where an insurance plan covered by ERISA gives the administrator discretionary authority to determine a claimant's eligibility for benefits, the administrator's decision to deny benefits will be set aside only if it constitutes an abuse of discretion. *Sweeney v. U.S. Aetna Healthcare*, No. 4:04-CV-449, 2007 U.S. Dist. LEXIS 92737, at *10 (E.D. Tex. Dec. 18, 2007) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)). An abuse of discretion occurs only when the administrator acts arbitrarily or capriciously. *Sweeney*, 2007 U.S. Dist. LEXIS 92737, at *11 (citing *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999)). Second, the court noted that a benefits denial by

a conflicted administrator is "reviewed under a less deferential standard." *Sweeney*, 2007 U.S. Dist. LEXIS 92737, at *11 (citing *Corry v. Liberty Life Assurance Co.*, 499 F.3d 389, 398 (5th Cir. 2007)). Third, the court explained that Sweeney was unable to adduce objective medical evidence supporting her claim of total disability under the insurance plan. *Id*. at *12. Plaintiff's diagnosis was not at issue; rather, the effect of the condition identified by that diagnosis on her ability to work, and thus on her eligibility for LTD benefits, was at issue. The report of the second reviewing physician constituted "substantial evidence," *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 273 (5th Cir. 2004), supporting Defendant's denial of benefits, disallowing the court from setting aside its decision, even in light of the conflict of interest.

## II. THE SUPREME COURT'S *GLENN* DECISION

Before the Court in *Glenn* were the questions of whether an insurance company that both determines eligibility for benefits and pays meritorious claims on behalf of an employer is conflicted and, if so, how courts should consider that conflict in assessing the legality of such an entity's decision to deny benefits to a claimant. *Glenn*, 128 S. Ct. at 2346. The Court determined that a benefits administrator that concurrently plays the role of payor indeed acts under a conflict of interest. *Id*. at 2349.

The Court then turned to the question of how such a conflict should be considered in analyzing an administrator's denial of benefits under a plan. A finding of a conflict of interest is one "of several different considerations" appropriate for the court's review of the administrator's decision to deny benefits. *Id*. at 2351. Where a conflict of interest exists, abuse of discretion remains the standard of review, and the court must "take account of the conflict when determining" whether the administrator acted lawfully. *Id*. at 2350. Thus, a conflict of interest is but a factor to

Page 3 of 7

be weighed with the other considerations particular to a given case. *Id*. at 2351. The importance of the conflict may vary from being "of great importance" where "circumstances suggest a higher likelihood that it affected the benefits decision" to diminishing "perhaps to the vanishing point" where "the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Id*.

### III. THE EFFECT OF *GLENN*

In *Vega v. National Life Ins. Servs.*, 188 F.3d 287 (5th Cir. 1999), the Fifth Circuit, sitting *en banc*, wrestled with the question of how a claim-denying administrator's conflict of interest should be considered in a reviewing court's analysis of such a denial. *Id*. at 295. After surveying the law of the other circuits and recounting the precedent in this circuit, the court concluded that a conflict "is a factor to be considered in determining whether the administrator abused its discretion in denying a claim." *Id*. at 297. The court went on to say that the impact of the conflict of interest on the court's deference under the abuse of discretion standard would fluctuate depending on the nature of the evidence surrounding the conflict. *Id*. Finally, the court stated that a conflicted administrator's denial must "fall somewhere on a continuum of reasonableness—even if on the low end." *Id*. In *Corry v. Liberty Life Assurance Co.*, 499 F.3d 389 (5th Cir. 2007), cited by this court in its December 17, 2007 order, the Fifth Circuit reaffirmed these principles. *Id*. at 398.

The court reads *Vega* and *Glenn* to be harmonious; most importantly for this decision, any variance between the two is so insignificant that the court's earlier reliance on *Corry*, which relied on *Vega*, yields the same result as its reliance on *Glenn* would have. One might argue that *Vega*

hints at a different standard of review in the presence of a conflict of interest when determining the legality of a denial of benefits by a conflicted administrator, whereas *Glenn* explicitly holds that the standard of review does not change. *Compare Glenn*, 128 S. Ct. at 2350 ("[w]e do not believe that *Firestone*'s statement implies a change in the *standard* of review, say, from deferential to *de novo* review.") *with Vega*, 188 F.3d at 297 ("[t]he greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be"). But *Vega* makes clear elsewhere that the standard of review is the same regardless of the presence of a conflict. *Id*. at 296 ("the court always applies the abuse of discretion standard").

Although one may read *Vega* to impose a somewhat different standard of review upon a finding of a conflict of interest,[1] the language that suggests such is simply a recognition of the consequence of including the conflict as a factor in the court's analysis, a factor that in all instances will weigh against the conflicted administrator. That consequence, of course, is that overturning a denial of benefits becomes more likely. In other words, by identifying and considering a factor that will inevitably weigh against upholding a decision to deny benefits, greater cause for skepticism exists, and the decision to deny benefits will be exposed to greater scrutiny. It is in this way that the inquiry proceeds in a manner said to be "less deferential." *Id*. at 297.

This is particularly true where the plaintiff is able to specifically tie the conflict to the decision to deny benefits and less so where the plaintiff is unable to make such a showing, principles *Vega* explicitly recognizes. *Id*. Therefore, courts in this Circuit have considered a conflict of interest as a factor in reviewing denials by claims administrators, and the importance of that factor has varied

---

[1]The court is unaware of a single case that has rested on such a reading of *Vega*. The court makes this observation simply to highlight potential, though unfounded, tension between *Vega* and *Glenn*.

as the circumstances dictate. *Id*. This is exactly what the Supreme Court teaches in *Glenn*—that the conflict of interest is a factor to be considered and that the weight assigned to that factor depends on the circumstances surrounding the conflict. *Glenn*, 128 S. Ct. at 2351. Both cases are also clear that abuse of discretion is the appropriate standard of review.

It is true that the Supreme Court in *Glenn* eschewed the use of "special burden-of-proof rules, or other special procedural or evidentiary rules" that focus on the conflict of interest. *Id*. at 2351. The court in *Vega* authorized use of a sliding scale standard to account for that factor, and one may label that approach as a special evidentiary rule. *Vega*, 188 F.3d at 297. However, as demonstrated above, the court's explanation of the sliding scale approach and its implementation by courts throughout this Circuit are very much in accord with the lessons to be drawn from *Glenn*. The court reads *Vega* to emerge undisturbed in the wake of *Glenn*.[2]

*Glenn*, therefore, does not change the result reached by this court in its December 17, 2007 order. As stated, Plaintiff was unable to show that the conflict of interest infected Defendant's consideration of her claim. Indeed, Defendant itself moved the court to remand her claim so that it could consider new literature brought forth by Plaintiff. On remand, Defendant submitted the claim file to a new doctor and removed the reports of the first doctor, who had concluded that Plaintiff was not unable to work. Because Plaintiff has not offered evidence on Defendant's conflict of interest (aside from its existence), and because Defendant has taken steps "to reduce potential bias and to promote accuracy," *Glenn*, 128 S. Ct. at 2351, Defendant's conflict of interest is an insufficient basis

---

[2] Recent opinions from the Fifth Circuit Court of Appeals suggest the same result. *Dunn v. GE Group Life Assurance Co.*, No. 07-10739, 2008 U.S. App. LEXIS 17745, at *10-11 (5th Cir. Aug. 18, 2008); *Young v. Wal-mart Stores, Inc.*, No. 07-31130, 2008 U.S. App. LEXIS 20220, at *18-19 (5th Cir. Sep. 22, 2008) (citing *Vega*).

on which to conclude that Defendant abused its discretion in denying Plaintiff's claim.

Plaintiff has not highlighted circumstances that permit the court to assign sufficient weight to the conflict of interest that would make it outcome determinative. Defendant did not, for example, take inconsistent positions during the course of its handling of Plaintiff's claim or fail to provide the reviewing experts with all of the relevant material. *Glenn*, 128 S. Ct. at 2352. There simply is nothing to suggest that Defendant allowed its conflict to taint the way it addressed Plaintiff's claim. Aetna's conflict of interest, therefore, does not tip the balance, which is not particularly close in the first place, in favor of Plaintiff. *See id*. at 2351.

Having considered the inquiry from the United States Court of Appeals for the Fifth Circuit, the court concludes that the Supreme Court's decision in *Metro. Life Ins. Co. v. Glenn* does not change the conclusions reached in the court's memorandum opinion and order signed December 17, 2007. All pending motions filed subsequent to the remand of this case and not previously ruled on are hereby DENIED AS MOOT.

IT IS SO ORDERED.

**SIGNED this the 10th day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE